

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. G. Mueller
County Attorney
Llano County
Llano, Texas

Dear Sir:                    Opinion No. O-6708

                    Re: Interpretation of Article 7206
                        and Article 7218, V. A. C. S.,
                        relating to the Board of Equali-
                        zation.

        Your letter of a recent date requesting an opinion
from this Department is as follows:

        "The County Commissioners' Court of this
County has requested me to interpret ARTICLE 7206
and ARTICLE 7218 of the Civil Statutes, relating
to Board of Equalization, in this particular, viz:

        "Article 7206 provides in part:  'Each Com-
missioners Court shall convene and sit as a board
of equalization on the second Monday in May of each
year, or as soon thereafter as practicable BEFORE
the first day of June, to receive all the assessment
lists or books of the assessors of their counties
for inspection, correction or equalization and ap-
proval.'

        "Article 7218 provides in part:  'The Assessor
of taxes shall submit all the lists of property ren-
dered to him prior to the first Monday in June to
the board of equalization of his county on the first
Monday in June or as soon thereafter as practicable,
for their inspection, approval, correction or equali-
zation.'

        "Under the above two statutes- Is it imperative
that the Board of equalization meet 'On the second
Monday in May of each year, or as soon thereafter as
practicable BEFORE the first day of June' or can the
Board of Equalization meet on the 'First Monday in
June or as soon thereafter as practicable?'

Honorable A. G. Mueller, page 2

"It would seem that the first Article above
quoted requires the Board of Equalization to meet
BEFORE the first day of June, and then continue by
additional meetings, after adjournments, until the
assessment lists have been inspected, approved,
corrected or equalized. I would like an opinion
in regard to the above."

There is no conflict between Article 7206, V. A. C. S.
and Article 7218, V. A. C. S. Article 7206 pertains to the duties
of the Commissioners' Court while sitting as the Board of Equali-
zation. Article 7218 pertains to the duties of the assessor of
taxes.

Since there is no conflict between the two above men-
tioned Articles, we must now analyze Article 7206, supra, to
determine the answer to your inquiry. We find that 44 Tex. Jur.
133, provides in part as follows:

"The first paragraph of the article provides
that the board shall sit 'on the second Monday in
May of each year, or as soon thereafter as prac-
ticable before the first day of June;' nevertheless,
a continuation of proceedings after June 1 does not
render an increase of value made after that date a
nullity."

In Graham vs. Lasater, (Civ. App.) 26 S. W. 472, the
court in a discussion of Article 1517a, 1 Sayles'Civ. St. (now
Article 7206, V. A. C. S., with the exception of one or two minor
differences, such as the changes in dates)said:

"By the first subdivision of article 1517a,
1 Sayles' Civ. St., it is provided: 'The county
commissioners' courts of the several counties of
this state shall convene and sit as a board of
equalization on the second Monday in June of each
year, or as soon thereafter as practicable before
the 1st day of July, to receive all the assessment
lists or books of the assessors of their counties
for their inspection, correction, equalization, and
approval.' It will thus be seen that the purpose
of the meeting which is thus required to be held in
June is to receive the lists and books from the
assessor, and that it is not expresaly stipulated
that the work of the board in making the inspection
and correction required of it shall be completed

within the time named in this section.  In the case of Swenson v. McLaren, 2 Tex. Civ. App. 334, 21 S. W. 300, we quoted with approval somewhat at length from section 448 in Sutherland on Statutory Construction, where it is held that ordinarily statutes of this kind are, as to the time specified within which an act is to be done, only directory, and do not prevent its performance after the expiration thereof.  We find nothing in this section of the statute which leads us to conclude that the legislature intended that the commissioners' court should not only meet in June for the purpose of receiving the lists from the assessor, but should be restricted to that month in giving the notices required to the taxpayer, and in the performance of the duties required of them in hearing the different parties.  We can easily see how, under some circumstances, such time would be wholly inadequate for the purpose intended to be accomplished.  We therefore conclude that the action of the board of equalization sitting after the 1st day of July, which in this case seems to have been a continuation of the June meeting, is not for that reason a nullity."

In view of the foregoing it is our opinion that the provisions of Article 7206, supra, as to the time specified within which the Commissioners' Court shall convene and sit as a board of equalization are directory, but if the Commissioners' Court does not meet as an equalization board within the designated time, it should convene as soon thereafter as practicable.

We call your attention to the fact that the Commissioners' Court should avoid any <u>unnecessary delay</u> in the performance of this important duty in order that the business affairs of the county and state may be administered in an orderly manner and the rights of all parties concerned may be protected.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

JCD:LJ

APPROVED JUL 26 1945
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN